UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSHUA A. MARTIN,

      Plaintiff,

v.

PHH MORTGAGE CORP.
D/B/A PHH MORTGAGE SERVICES,

      Defendant.

Case No. 2:23-cv-159
Judge Sarah D. Morrison
Magistrate Judge Chelsey
M. Vascura

## OPINION AND ORDER

Joshua A. Martin brought this suit against PHH Mortgage Corporation d/b/a PHH Mortgage Services alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* This matter is before the Court on Defendant's Motion to Dismiss. (ECF No. 6.)

### I. BACKGROUND

The following draws from the allegations in the Complaint (ECF No. 1), which are considered as true for purposes of the pending motion. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016).

In 2004, Mr. Martin borrowed $68,800.00 from Novastar Mortgage, Inc. (¶ 10.) The terms of the loan were memorialized in a promissory note and addendum. (*Id.*) The loan was secured by a lien on real estate located at 322-324 S. Ohio Avenue in Columbus, Ohio; the lien was memorialized in a mortgage that was filed and recorded with the Franklin County, Ohio Recorder. (¶ 11.)

Mr. Martin's promissory note obligated him to pay Novastar $578.51 on the first day of each month starting on June 1, 2004 until the loan was paid in full on May 1, 2034. (¶ 12.) In the event of default, Mr. Martin's obligations would accelerate, and the full amount of principal and interest would become immediately payable. (¶ 13.) In addition, Novastar had the right to foreclose on the real estate in the event of default. (¶ 14.)

Mr. Martin stopped making payments to Novastar in 2009 and his loan went into default on or about November 2, 2009. (¶ 16.)

On or about May 18, 2010, Novastar transferred the note and mortgage to The Bank of New York Mellon. (¶ 17.) The servicing of the note and mortgage was later assigned to PHH. (¶ 18.)

In April 2022, PHH demanded the sum of $148,466.37 from Mr. Martin to pay all amounts allegedly due on the loan. (¶ 21.)

Mr. Martin now claims that PHH's debt collection actions violate two sections of the FDCPA: 15 U.S.C. § 1692e (claim 1) and 15 U.S.C. § 1682f (claim 2).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient

> factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

### III.   ANALYSIS

To prove a claim under the FDCPA, a plaintiff must show: (1) he is a "consumer" as defined in Section 1692a(3); (2) the "debt" arises out of a transaction which is "primarily for personal, family, or household purposes"; (3) defendant is a "debt collector" as defined in Section 1692a(6); and (4) defendant has violated one of the prohibitions in the FDCPA. *Wallace v. Washington Mutual Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012). Defendant argues that it is entitled to dismissal because Mr. Martin has failed to sufficiently plead the existence of a "debt" as that term is defined under the FDCPA.

In his complaint, Mr. Martin simply alleges that he is obliged to pay a mortgage "which is a 'debt' as defined by 15 U.S.C. § 1692a(5)." (¶ 8.) This allegation

3

is nothing more than a formulaic recitation of the FDCPA's elements and is not enough to survive a motion to dismiss. "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation omitted); *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement'" are not accepted as true for purposes of a motion to dismiss). Mr. Martin does not allege facts regarding how he used the borrowed funds for personal, family, or household purposes, as opposed to some other purpose.

For the same reasons, Mr. Martin's conclusory allegation that he is a "'consumer' as defined in 15 U.S.C. § 1692a(3)" (¶ 5) does not save his claim. The term "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3) (emphasis added). But Section 1692a(5) of the FDCPA narrows the type of debt that qualifies for protection—only debts "primarily for personal, family, or household purposes." The type of debt is a distinct element of an FDCPA claim. *See Estep v. Manley Deas Kochalski, LLC*, 942 F.Supp.2d 758, 767 (S.D. Ohio 2013) (Graham, J.). Thus, even if the Court accepted Mr. Martin's legal conclusion that he is a "consumer" as defined by the FDCPA, his allegations are insufficient to state an FDCPA claim.

## IV. CONCLUSION

For the reasons set forth above, PHH's Motion to Dismiss (ECF No. 6) is **GRANTED**.

**IT IS SO ORDERED.**

4

5

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**